Rose, J.,
concurring:
The majority’s decision does not change employment law in Nevada, as claimed by the dissenting opinion, it merely upholds existing law.
Martin’s job application, the Sears’ Personnel Manual, and the Sears’ orientation booklet, Getting Acquainted with Sears, all spell out, in unambiguous terms, that Sears’ employees are employed at-will. I do not adopt any kind of “once at-will, always at-will position” as the dissent implies. However, Martin has simply not provided any evidence of oral representations or *931 employment practices that could modify his original at-will status. In D’Angelo v. Gardner, 107 Nev. 704, 819 P.2d 206 (1992), this court declared: “Just as there are cases in which handbooks and employment practices can be found to support an express or implied obligation of continued employment, so are there cases in which such an obligation is absent as a matter of law.” Id. at 710, 819 P.2d at 210. Clearly, the instant case falls among the latter.
The dissent assumes that recognizing that Sears provided reasons for disciplining Martin is equivalent to recognizing that the discipline was “for cause.” This is incorrect. The fact that Sears’ policies required management to provide an employee with the reason for his/her termination and that long-term employees could not be fired without the approval of upper management does not change the status of Sears’ employees. After unequivocally stating that all employees were at-will, the personnel manual then provided that a territorial vice president must approve any termination where the employee has ten years of service and required that a reason be given for every termination. The manual then listed how various terminations of employment should be handled. Under the termination for dishonesty, it stated that termination for this reason should only occur if the employee has admitted the act in writing or there is other conclusive evidence of the act. The next category, violation of company rules, provides that if this violation involves the mishandling of cash after proper training and without reasonable excuse, the employee is to be released immediately. However, at the beginning of this section, the Sears’ personnel manual stated that references to causes for termination do not change the employee’s at-will status: “The representations referring to causes for termination are not intended as any limitation on Sears termination authority, and should not give rise to any expectations of continued indefinite employment where such causes are not present.”
In Vancheri, we held that establishing disciplinary procedures does not create a for cause employment situation. I view the benefits given Sears’ employees as akin to those given the employees of the Golden Nugget in Vancheri. Martin admits to the underlying facts but claims they do not warrant his dismissal. I believe the admission of these facts constitutes conclusive evidence, and it certainly would justify termination for mishandling cash. But, since Martin is and always has been an employee at-will, he can be terminated for any cause that does not violate Nevada’s public policy.
The dissent states that: “Sears made what could very well appear to a jury as a pretextual and insubstantial charge of minor improprieties against Martin and dredged up some stale, minor rule violations out of Martin’s long employment past and used *932 these violations as an excuse to terminate him for cause.” (Footnote omitted.) The “minor improprieties” addressed by the dissent are two separate incidents where Martin diverted Sears’ funds and falsified company records. These acts could be viewed as constituting a serious crime, see NRS 205.300 and NRS 205.220, but certainly the admitted acts of Martin establish the mishandling of cash and failure to follow company policies. But, since Martin was always an at-will employee, Sears was within its rights to terminate him for no reason at all, and firing someone who fails to follow company policy or mishandles cash does not violate Nevada’s public policy. For these reasons, I concur with the majority’s opinion.